IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JERRY C. MCWILLIAMS AND
KAREN L. MCWILLIAMS

**PLAINTIFFS**

VS.

CAUSE NO.: _____ 20-59 _____

BYRAM CROSSING SHOPS, LLC; THE
ESTES GROUP, INC; and JOHN DOES
1-10

**DEFENDANTS**

<u>SUMMONS</u>

THE STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:   **BYRAM CROSSING SHOPS, LLC**
C/O NATIONAL REGISTERED AGENTS, INC.
645 LAKELAND EAST DR., SUITE 101
FLOWOOD, MISSISSIPPI 39232-9099

NOTICE TO DEFENDANT

THE COMPLAINT AND DISCOVERY WHICH ARE ATTACHED TO THIS SUMMONS ARE
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint With Discovery
Attached to Paul V. Ott, attorney for the Plaintiff, Morgan and Morgan, PLLC, 4450 Old Canton Road, Suite
200, Jackson, Mississippi 39211. Your response must be mailed or delivered within (30) days from the date of
delivery of this summons and complaint with discovery attached or a judgment by default will be entered against
you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time
afterward.

Issued under my hand and the seal of said Court this the 28th day of January, 2020.

Zack Wallace, Circuit Clerk of
Hinds County, Mississippi

Summons issued at the request of:

PAUL V. OTT, ESQ. (MSB # 8742)
MORGAN AND MORGAN, PLLC
4450 OLD CANTON ROAD, SUITE 200
JACKSON, MISSISSIPPI 39211
TELEPHONE: (601) 949-3388
FACSIMILE: (601) 949-3399

**ATTEST A TRUE COPY**

Attorney for the Plaintiff

JAN 28 2020

ZACK WALLACE, CIRCUIT CLERK

BY _____ D.C.

**EXHIBIT**

tabbies"  "1"

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JERRY C. MCWILLIAMS AND
KAREN L. MCWILLIAMS                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 20-57

BYRAM CROSSING SHOPS, LLC;
THE ESTES GROUP, INC.;
and JOHN DOES 1-10                                     DEFENDANTS

## COMPLAINT (WITH DISCOVERY ATTACHED)
### JURY TRIAL REQUESTED

COMES NOW Jerry C. McWilliams and Karen L. McWilliams, by and through counsel, and for cause of action against the defendants, states and alleges the following:

1.

Jerry C. McWilliams is an adult resident citizen of Harrisville, Simpson County, Mississippi.

2.

Karen L. McWilliams is an adult resident citizen of Harrisville, Simpson County, Mississippi.

3.

Defendant, Byram Crossing Shops, LLC is a Tennessee limited liability company, which is authorized to and does business in the State of Mississippi. Byram Crossing Shops, LLC has its principal place of business at 1104 Ordway Place, Nashville, TN 37206 and may be served by and through service upon its registered agent for service, National Registered Agents, Inc., 645 Lakeland East Dr., Suite. 101, Flowood, Mississippi 39232.

1

4.

The Estes Group, Inc. is a Mississippi Profit Corporation, which is authorized to and does business in the State of Mississippi. The Estes Group, Inc. has its principal place of business at 613 Crescent Circle, Suite 102, Ridgeland, Mississippi 39157 and may be served by and through service upon its registered agent for service, Brian E. Estes, 460 Briarwood Dr., Suite 400, Jackson, Hinds, Mississippi 39206.

.5.

John Does # 1-10 are managers, supervisors, employees, security guards, owners, occupiers, lessors, lessees and/or agents of Byram Crossing Shops shopping center and the premises surrounding Byram Crossing Shops shopping center, who owned, operated, occupied, leased, managed, maintained, inspected, cleaned and/or controlled Byram Crossing Shops shopping center and the parking lot and common area adjacent to Byram Crossing Shops shopping center, who were present at the time of the incident or who owed a duty to the Plaintiff. Upon information and belief, John Does #1-10 are resident and nonresident Defendants doing business in the State of Mississippi whose identities are unknown at this time. The filing of this Complaint is a filing against all John Doe Defendants and this Complaint will be appropriately amended in accordance with the Mississippi Rules of Civil Procedure when the identities are ascertained.

6.

This Court has jurisdiction over this matter pursuant to the Mississippi Constitution and the laws of the State of Mississippi. Venue is proper in this Honorable Court as the acts complained of occurred in whole or in part in Hinds County, Mississippi.

2

7.

On or about June 20, 2018, Jerry C. McWilliams and Karen L. McWilliams were invitees on the premises of Byram Crossing Shops shopping center located at 6745 Siwell Road, Byram, Mississippi. At such time, they were travelling through the Byram Crossing Shops shopping center's parking lot on a motorcycle which was being operated by Jerry C. McWilliams with Karen L. McWilliams as a passenger when the motorcycle hit a pothole causing them to crash and incur substantial injuries.

8.

The pothole in the parking lot of Byram Crossing Shops shopping center in front of Siwell Dental was a dangerous condition of which the defendants knew or should have known.

9.

Jerry C. McWilliams was operating his motorcycle in a lawful and prudent manner at the time of the crash and was not negligent in the operation of his motorcycle.

10.

At all relevant times hereto, the Defendant Byram Crossing Shops, LLC owned, occupied, operated, leased, maintained, inspected, cleaned, controlled, managed, and/or supervised the Byram Crossing Shops shopping center and the parking lot of Byram Crossing Shops shopping center.

11.

At all relevant times hereto, the Defendant The Estes Group, Inc. operated, leased, maintained, inspected, cleaned, controlled, managed, supervised and/or acted as agents of the Byram Crossing Shops shopping center and the parking lot of Byram Crossing Shops shopping center.

3

12.

Specifically, the Defendant The Estes Group, Inc. managed the property and was responsible for maintaining the premises of Byram Crossing Shops shopping center and the parking lot of Byram Crossing Shops shopping center, including the repair of potholes. The Defendant The Estes Group, Inc. was the entity to whom tenants of Byram Crossing Shops shopping center made complaints of maintenance issues including potholes in the parking lot and was the entity who had the maintenance issues including potholes in the parking lot repaired or corrected. The Defendant The Estes Group, Inc. was responsible maintaining a safe ingress and egress of invitees ; of Byram Crossing Shops shopping center into, out of, and through the parking lot of Byram Crossing Shops shopping center.

13.

At all relevant times hereto, John Does # 1-10 are managers, supervisors, employees, security guards, owners, occupiers, lessors, lessees and/or agents of Byram Crossing Shops shopping center and the premises surrounding Byram Crossing Shops shopping center, who owned, operated, occupied, leased, managed, maintained, inspected, cleaned and/or controlled Byram Crossing Shops shopping center and the parking lot and common areas adjacent to Byram Crossing Shops shopping center who owed a duty to the Plaintiff.

14.

The Defendants failed to fulfill their joint, several, and collective duty to use reasonable care and to take adequate and reasonable safety precautions or measures to protect invitees at the Byram Crossing Shops shopping center in the safe ingress and egress into and out of Byram Crossing Shops shopping center from foreseeable harm and danger, including the harm suffered by the plaintiffs, due to dangerous conditions at the Byram Crossing Shops shopping center.

4

15.

The Defendants were on notice of the dangerous condition. Specifically, the Defendants knew or should have known there was a pothole in the parking lot of Byram Crossing Shops shopping center. The Defendants had actual and/or constructive knowledge of the pothole in the parking lot of Byram Crossing Shops shopping center. Further, the hazardous condition existed in the parking lot of Byram Crossing Shops shopping center for a sufficient time to provide notice to the Defendants. However, the Defendants failed to take reasonable measures to prevent foreseeable safety hazards.

16.

As a result of the Defendants' negligent acts or omissions, Jerry C. McWilliams and Karen L. McWilliams have suffered past, present, and future pain and suffering and resulting mental anguish; past, present, and future loss of wages or wage earning capacity; and, reasonable and necessary medical expenses already incurred and likely to be incurred in the future. As a result of the negligence of the Defendants, Jerry C. McWilliams and Karen L. McWilliams incurred and will incur in the future reasonable and necessary medical expenses.

17.

Based on the foregoing, Plaintiffs request an award of damages for the following:

1. past, present, and future pain and suffering and resulting mental anguish;

2. past, present, and future loss of wages or wage earning capacity;

3. past medical expenses;

4. future medical expenses;

5. Emotional distress and mental anguish;

6. Attorneys' fees;

5

7. Pre-judgment interest;

8. Post-judgment interest; and,

9. All costs of court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Jerry C. McWilliams and Karen L. McWilliams, demand judgment against the Defendants in an amount in excess of the jurisdictional minimum of this court and to be determined by a jury to adequately compensate the plaintiffs for their injuries; attorney fees; pre-judgement and post judgement interest; their costs in pursuing this lawsuit; and any other relief to which they may be entitled under Mississippi Law.

RESPECTFULLY SUBMITTED, this the __17th__ day of January, 2020.

JERRY C. MCWILLIAMS  AND KAREN L. MCWILLIAMS

BY: _____
OF COUNSEL

PAUL V. OTT, ESQ. (MSB #8742)
MORGAN & MORGAN, PLLC
4450 OLD CANTON RD., SUITE 200
JACKSON, MS 39211
TELEPHONE: (601) 503-1667
FACSIMILE: (601) 503-1613
POTT@FORTHEPEOPLE.COM

6

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JERRY C. MCWILLIAMS AND
KAREN L. MCWILLIAMS                                           PLAINTIFFS

VS.                                              CIVIL ACTION NO.: 20-CV-00059

BYRAM CROSSING SHOPS, LLC;
THE ESTES GROUP, INC;
and JOHN DOES 1-10                                           DEFENDANTS

## NOTICE OF SERVICE OF INTERROGATORIES OR REQUESTS FOR
## PRODUCTION OF DOCUMENTS OR RESPONSES THERETO

TO:    Byram Crossing Shops, LLC
       C/O National Registered Agents, Inc.
       645 Lakeland East Dr., Suite 101
       Flowood, Mississippi 39232-9099

       The Estes Group, Inc.
       C/O Brian E. Estes
       460 Briarwood Drive, Suite 400
       Jackson, Mississippi 39206

NOTICE IS HEREBY GIVEN that Plaintiffs, Jerry C. Williams and Karen L. Williams,

have served with the Summons and Complaint in the above-entitled action:

1.   PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO
     DEFENDANT BYRAM CROSSING SHOPS, LLC;

2.   PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
     DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT BYRAM
     CROSSING SHOPS, LLC;

3.   PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO
     DEFENDANT THE ESTES GROUP, INC; and,

4.   PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
     DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT THE
     ESTES GROUP, INC.

1

The undersigned retains the originals of the above papers as custodian thereof pursuant to the local rules.

RESPECTFULLY SUBMITTED, this the 29th day of January, 2020.

JERRY C. WILLIAMS AND KAREN L.
MCWILLIAMS

BY: /s/ Paul V. Ott
OF COUNSEL

PAUL V. OTT, ESQ. (MSB #8742)
MORGAN & MORGAN, PLLC
4450 OLD CANTON RD., SUITE 200
JACKSON, MS 39211
TELEPHONE: (601) 503-1667
FACSIMILE: (601) 503-1613
POTT@FORTHEPEOPLE.COM

## CERTIFICATE OF SERVICE

I, Paul V. Ott, of counsel for Jerry C. McWilliams and Karen L. McWilliams, do hereby certify that I have had served with the summons and complaint a true and correct copy of the above and foregoing pleading to:

Byram Crossing Shops, LLC
C/O National Registered Agents, Inc.
645 Lakeland East Dr., Suite 101
Flowood, Mississippi 39232-9099

The Estes Group, Inc.
C/O Brian E. Estes
460 Briarwood Drive, Suite 400
Jackson, Mississippi 39206

THIS, the 29th day of January, 2020.

/s/ Paul V. Ott
PAUL V. OTT

2

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JERRY C. MCWILLIAMS AND
KAREN L. MCWILLIAMS                                    PLAINTIFFS

VS.                                        CIVIL ACTION NO.: 20-CV-00059

BYRAM CROSSING SHOPS, LLC;
THE ESTES GROUP, INC.;
and JOHN DOES 1-10                                    DEFENDANTS

### PLAINTIFFS' FIRST SET OF INTERROGATORIES
### PROPOUNDED TO DEFENDANT BYRAM CROSSING SHOPS, LLC

COMES NOW the plaintiff, by and through counsel of record, and propounds his first set of interrogatories to defendant Byram Crossing Shops, LLC to be answered separately within the requisite period of time pursuant to the Mississippi Rules of Civil Procedure, propounding the same as follows:

### I. DEFINITIONS

As used in these interrogatories, the following terms have the meanings indicated:

(a) "You", "your" or "the defendant" shall mean the individual or entity answering these requests for production, or their employees, co-workers, agents, representatives or family members.

(b) The term "document" means the original and any non-identical copy of any written, recorded or graphic matter or any electronically stored information, however produced or reproduced.

(c) The term "identify" means, with respect to person, to state their full name, present or last known address, current employment and position or title therein, and telephone number.

1

(d) The term "identify" means, with respect to documents, to state the general nature of the document (for example, letter, telegram, memorandum, diary, blueprint, photograph, diagram, etc.), the date, the author, the addressee, and the location and custodian of the document.

(e) The term "identify" means, with respect to an oral communication, statement or report: to identify the person making the communication, statement or report; to identify the person to whom the communication, statement or report was made and all persons present at the time the communication, statement or report was made; to state whether the statement was recorded, transcribed or summarized by any person; to summarize the contents of the communication or conversation; to state the date of the communication; to state the location at which the communication was made; and to identify any person having custody of any document evidencing the communication, statement or report.

(f) "Description" or "to describe" means to provide a narrative detailed chronological history of the incident or events inquired about, including pertinent dates, identifying persons involved, and identifying documents used to generate it.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the full name, address, date of birth, social security number, and full details of educational background, including but not limited to, schools and colleges attended, whether business, vocational, or otherwise, and list all degrees received therefrom and dates when received of any person providing information to assist in responding to these interrogatories.

**INTERROGATORY NO. 2:** State in complete and accurate detail your full account of how the incident in question occurred from just prior to its occurrence and thereafter until the plaintiffs left the scene of the incident.

2

INTERROGATORY NO. 3:  State the names, addresses, and telephone numbers of any person or persons known to you who witnessed the incident or who were in the vicinity before, during, and just after its occurrence, or who may have knowledge of the incident, events, facts, or possession of any documents, things, or information that may be relevant to this cause or which may lead to discovery of evidence relevant to this cause, including therein a summary of the knowledge of facts and events known or things and documents possessed.

INTERROGATORY NO. 4:  State the names, addresses and telephone numbers of all persons you may call as witnesses during the trial of this matter, giving a brief summary of the subject matter to which each will testify.

INTERROGATORY NO. 5:  State the name, address, and telephone number of each person you expect to call as an expert witness at trial, and for each such person:

a. State the subject matter on which the expert is expected to testify;

b. State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion; and,

c. State his/her field of specialization and give a description of his/her formal education.

INTERROGATORY NO. 6:  If you contend that any acts or omissions of the plaintiffs in any way contributed to this incident or the plaintiffs' injuries, please state in full detail precisely what acts or omissions of the plaintiffs you allege have contributed to this incident or the plaintiffs' injuries, including therein:

a. The factual basis for said allegation;

b. All evidence, physical or otherwise, which supports or tends to support said allegation; and,

3

c.     The name and telephone number of persons having knowledge of the facts

underlying said allegation.

**INTERROGATORY NO. 7**: If any investigation was conducted by you or anyone acting

on your behalf in connection with the facts and circumstances alleged in the Complaint, state:

a.     The name, address, and telephone number of each and every person conducting

such investigation;

b.     The name, address, and telephone number of each and every person questioned

and/or interviewed in connection with such investigation; and,

c.     The name, address and telephone number of every person from whom any

statement, oral or written, was taken.

**INTERROGATORY NO. 8**:   If the plaintiffs or the defendant made any statements

(written, recorded or otherwise) to anyone after the incident in question, state in detail the nature

of such statements, the date made, and give the name, telephone number, and address of the person

to whom they were made and/or who is in possession of any physical record of such statement.

**INTERROGATORY NO. 9**: Give the nature of all statements, if any, of any of the parties

to this lawsuit at the scene of the incident relating to the cause of the incident and the name of the

party making such statements, if any, and the names and addresses of all persons who witnessed

such statements, if any.

**INTERROGATORY NO. 10**: Please describe any photographs, film, or diagrams relating

to the incident in question, the person or persons who took or made it, and the person who has

custody of it.

**INTERROGATORY NO. 11:** Please identify any photographs or videos which have been

taken of the plaintiffs by stating the date taken; the individual who took the photographs or videos;

4

and, the individual who has possession of the photographs or videos.

**INTERROGATORY NO. 12**: If any person or company carrying on an insurance business may be liable to satisfy part or all of a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgement in this action, please identify such person or company; the type of such coverage, indemnity or reimbursement; and, the policy number of any such policies.

**INTERROGATORY NO. 13**: Please state in detail all crimes of which you have been convicted or entered a plea of guilty.

**INTERROGATORY NO. 14**: Identify, by giving name, address and telephone numbers, the persons who were charged with responsibility of any type whatsoever for maintaining and cleaning the parking lot of Byram Crossing Shops shopping center for the year before the date of this incident.

**INTERROGATORY NO. 15**: Identify, by giving name, address, and telephone number, any person not already named as a party to this lawsuit whom you contend caused or contributed to the occurrence complained of in the Complaint.

**INTERROGATORY NO. 16**: Identify any warnings, whether verbal or written (such as by a sign or otherwise) which were given to the plaintiffs and/or to other invitees in general before the incident in question concerning the condition which caused or contributed to the incident complained of in this lawsuit.

**INTERROGATORY NO. 17**: Please describe the policies and procedures, training, supervision, etc. that you provided to employees and/or agents regarding maintaining and cleaning the parking lot of Byram Crossing Shops shopping center.

**INTERROGATORY NO. 18**:  Identify in detail any changes that have been made by you, or anyone on your behalf, as to the physical site of the incident referred to in the Complaint, the pothole in the parking lot of Byram Crossing Shops shopping center or as to any warnings or signs relating thereto since the incident in question.

**INTERROGATORY NO. 19**:  Identify any procedures which you or anyone on your behalf followed at and before the time of the incident in question concerning the inspection, cleaning and maintenance of the parking lot of Byram Crossing Shops shopping center.

**INTERROGATORY NO. 20**:  At the time of the Plaintiffs' injury, do you contend that any person or entity other than you and your employees and agents were responsible for the maintenance, cleaning and inspection of the parking lot of Byram Crossing Shops shopping center?

**INTERROGATORY NO. 21**:  Please describe what training procedures, if any, were followed in the course of training Defendant's employees with regard to the maintenance, cleaning and inspection of the parking lot of Byram Crossing Shops shopping center. This includes any and all written material, slides, photographs, films, videotapes, etc., which the Defendant used in training its employees.

**INTERROGATORY NO. 22**:  Please identify any other incidents where a person or a person's property has been injured in or by a pothole in the parking lot of Byram Crossing Shops shopping center.

**INTERROGATORY NO. 23**:  Please identify any complaints or notices from persons at the Byram Crossing Shops shopping center or customers at the Byram Crossing Shops shopping center regarding potholes in the parking lot of Byram Crossing Shops shopping center.

RESPECTFULLY SUBMITTED, this the _29ᵗʰ_ day of January, 2020.

JERRY C. MCWILLIAMS AND KAREN L. MCWILLIAMS

BY: _____
OF COUNSEL

PAUL V. OTT, ESQ. (MSB #8742)
MORGAN & MORGAN, PLLC
4450 OLD CANTON RD., SUITE 200
JACKSON, MS 39211
TELEPHONE: (601) 503-1667
FACSIMILE: (601) 503-1613
POTT@FORTHEPEOPLE.COM

## CERTIFICATE OF SERVICE

I, Paul V. Ott, of counsel for Jerry C. McWilliams and Karen L. McWilliams, do hereby certify that I have had served with the Complaint a true and correct copy of the above and foregoing pleading to:

Byram Crossing Shops, LLC
C/O National Registered Agents, Inc.
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232-9099

The Estes Group, Inc.
C/O Brian E. Estes
460 Briarwood Drive, Suite 400
Jackson, Mississippi 39206

THIS, the _26ᵗʰ_ day of January, 2020.

_____
PAUL V. OTT

7

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JERRY C. MCWILLIAMS AND
KAREN L. MCWILLIAMS                                              PLAINTIFFS

VS.                                           CIVIL ACTION NO.: 20-CV-00059

BYRAM CROSSING SHOPS, LLC;
THE ESTES GROUP, INC.;
and JOHN DOES 1-10                                              DEFENDANTS

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT BYRAM CROSSING SHOPS, LLC

COMES NOW the plaintiffs, by and through counsel of record, and requests that the
defendant produce for inspection and copying pursuant to the Mississippi Rules of Civil Procedure
at Morgan & Morgan, 4450 Old Canton Rd., Suite 200, Jackson, Mississippi, 39211 within thirty-
three (33) days of the date of service, the documents and things hereinafter identified:

### I. DEFINITIONS

A. "Document" means the original and any non-identical copy of any written, recorded or
graphic matter or any electronically or magnetically stored information, however produced or
reproduced and any material underlying, supporting or used in the preparation of any such written,
recorded or graphic matter or electronically stored information.

B. "Accident", "occurrence" or "incident" refers to the events alleged in plaintiff's
Complaint as giving rise to plaintiff's claims of damage.

C. "You", "your" or "the defendant" shall mean the individual or entity answering these
requests for production, or their employees, co-workers, agents, representatives or family
members.

1

## II. REQUEST FOR PRODUCTION OF DOCUMENTS OR THINGS

REQUEST NO. 1: Any and all documents, pictures, or other tangible things which support or tend to support any of the allegations made by the plaintiffs in this lawsuit.

REQUEST NO. 2: Any and all documents identified or expressly referred to by the defendant in your answers to interrogatories propounded to you by the plaintiffs. In your response, identify the documents in relation to the applicable interrogatory number.

REQUEST NO. 3: Any and all documents and things referred to, inspected, reviewed, or relied upon in any manner in preparing your responses to plaintiffs' interrogatories which in any way support defendant's responses to interrogatories from the plaintiffs. In your response, identify the documents in relation to the applicable interrogatory number.

REQUEST NO. 4: Any and all statements, records, memorandum or writings concerning the incident and all related events made by the plaintiffs or defendant to any person whether signed or not.

REQUEST NO. 5: Any and all written or recorded statements made by or taken from any person which relate in any way to the incident in question.

REQUEST NO. 6: Any and all depositions, trial testimony, or written or recorded statements given by or taken from the plaintiffs or the defendant in any matter.

REQUEST NO. 7: Any and all photographs, slides, motion pictures, or other visual portrayals concerning or pertaining to this incident or the plaintiffs' injuries, made either before, at the time of or after the incident in question.

REQUEST NO. 8: Any and all drawings, diagrams, or other graphic representations which in any manner whatsoever portray, depict, or represent the manner of occurrence of the subject incident.

2

REQUEST NO. 9: Any and all reports from your expert(s) and all documents or other tangible things on which your expert(s) rely in support of his/her opinion.

REQUEST NO. 10: Any and all documents received pursuant to a subpoena or medical authorization which was issued in this case.

REQUEST NO. 11: Any and all medical records, bills or reports in your possession regarding the plaintiffs.

REQUEST NO. 12: A certified copy of any and all insurance agreements under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgement in this action. This request includes primary, excess and umbrella coverages.

REQUEST NO. 13: Any and all documents which refer to any incident, complaint or notice identified in response to Interrogatory Nos. 22 and 23.

REQUEST NO. 14: Any reports of potholes in the parking lot of Byram Crossing Shops shopping center for the two (2) year period prior to the date of the subject incident and during the period subsequent to the date of the subject incident.

REQUEST NO. 15: Any written procedures which you, or anyone on your behalf, were to follow at and before the time of the incident in question concerning the maintenance, cleaning and/or inspection of the parking lot of Byram Crossing Shops shopping center.

REQUEST NO. 16: Any written warnings (such as by a sign or otherwise) which were given to the plaintiffs and/or to invitees in general before the incident in question concerning the condition of the parking lot of Byram Crossing Shops shopping center.

REQUEST NO. 17: Copies of any documents describing or referring to the system or routine of inspecting, cleaning and/or maintaining the parking lot of Byram Crossing Shops

3

shopping center, and which were in effect on the date of the subject incident or prior to the time of the incident.

REQUEST NO. 18: Copies of any reports and/or complaints made with regard to the condition of the parking lot of Byram Crossing Shops shopping center, for the two (2) year period prior to the subject incident.

REQUEST NO. 19: Any and all documents related to any criminal convictions or arrests of the plaintiffs or defendant.

REQUEST NO. 20: Any and all documents related to any agreements between The Estes Group, Inc. and Byram Crossing Shops, LLC regarding their relationship with one another and/or the management of Byram Crossing Shops shopping center.

RESPECTFULLY SUBMITTED, this the _____ day of January, 2020.

JERRY C. MCWILLIAMS AND KAREN L. MCWILLIAMS

BY: _____
OF COUNSEL

PAUL V. OTT, ESQ. (MSB #8742)
MORGAN & MORGAN, PLLC
4450 OLD CANTON RD., SUITE 200
JACKSON, MS 39211
TELEPHONE: (601) 503-1667
FACSIMILE: (601) 503-1613
POTT@FORTHEPEOPLE.COM

4

## CERTIFICATE OF SERVICE

I, Paul V. Ott, of counsel for Jerry C. McWilliams and Karen L. McWilliams, do hereby certify that I have had served with the Complaint a true and correct copy of the above and foregoing pleading to:

Byram Crossing Shops, LLC
C/O National Registered Agents, Inc.
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232-9099

The Estes Group, Inc.
C/O Brian E. Estes
460 Briarwood Drive, Suite 400
Jackson, Mississippi 39206

THIS, the _25th_ day of January, 2020.

_____
PAUL V. OTT

5